### R. D. WILKINS v. W. L. WELLER ET AL.

(No. 737, Op. Book No. 2, p. 15.)

APPEAL from Lamar County. Opinion by WALKER, R. S., P. J.

§ 876. *Decision of judge upon facts.* The decision of the judge upon the facts of a case tried before him is

entitled to the same presumptions in its favor as the verdict of a jury.   [Gillard v. Chessney, 13 Tex. 337.]

§ 877. *New trial; insufficiency of evidence.*   The judgment of the court *a quo* refusing a new trial, applied for on the ground that the verdict is contrary to the evidence, will not be reversed unless it clearly appears that the verdict is wrong; either that it is entirely unsupported by the evidence, or that the weight of evidence so strongly preponderates against it as to make it clear that injustice has been done.   [Briscoe v. Bronaugh, 1 Tex. 326, followed since by a long line of unvarying cases.]

§ 878. *Jurisdiction; amount.*   Where the original debt is within the jurisdiction of the district court, but has been reduced by credit to a sum within the jurisdiction of the county court or a justice of the peace, suit may be maintained for the balance due upon the debt in the court which has jurisdiction of the amount of such balance. [Davis v. Pinckney, 20 Tex. 341.]

§ 879. *Sequestration; object and effect of the writ; custodia legis.*   The writ of sequestration is to hold the property forthcoming to abide the decision of the court in the cause in which the writ issues.   During the pendency of the suit the property is in the custody of the law. [Fowler v. Stoneum, 6 Tex. 72.]

May 6, 1880.                                   Affirmed.